IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>JEFFREY CHARLES ZANDER,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SEVER COUNTS<br><br>Case No.  2:10-CR-1088 DN<br><br>District Judge David Nuffer |

　　　　Defendant Jeffrey Charles Zander was indicted by a grand jury in this matter for mail fraud (counts 1 and 2), wire fraud (counts 3 and 4), money laundering (count 5), and willful failure to file tax returns (counts 6, 7, and 8) related to his alleged embezzlement of approximately $176,000 in grant money awarded by the U.S. Department of Interior, Bureau of Indian Affairs ("BIA") intended for his employer, The Paiute Indian Tribe of Utah.[1]  Pursuant to Fed. R. Crim. P. 8 and 14, Zander has moved the court to sever and conduct a separate trial on counts 6-8 (the "tax counts") for failure to file tax returns, arguing the tax counts have no nexus or connection to counts 1-5 (the "fraud counts") and that a trial on all counts would prejudice Zander by increasing the likelihood of a guilty verdict.

　　　　Under Fed. R. Crim. P. 8(a), the government may charge a defendant with multiple offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 14(a) allows the court to order separate trials of offenses if "the joinder of offenses . . . appears to prejudice a defendant."  Whether multiple counts are properly joined

---

[1] Superseding Indictment, docket no. 52, filed Feb. 29, 2012.

under Rule 8(a), and whether to order separate trials to avoid prejudice to the defendant under Rule 14(a), are issues committed to the discretion of the trial court.[2] "In determining the merits of a motion for severance, the trial court must weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration. Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case."[3]

In this case, all of the counts in the Superseding Indictment relate to Zander's alleged embezzlement of BIA grant funds through a number of fictitious businesses. The fraud counts relate to the alleged embezzlement, and the tax counts relate to Zander's alleged failure to pay taxes on the embezzled funds during tax years 2005-2007. All of the counts are thus based on the same transactions and are part of the same scheme. Accordingly, joinder of the fraud counts and the tax counts in the same indictment was appropriate under Fed. R. Crim. P. 8(a).[4]

Any potential for prejudice to Zander in a single trial on all counts is substantially outweighed by the wasteful prospect of conducting two trials on essentially the same set of facts with the same witnesses. The government intends to offer evidence and testimony concerning Zander's failure to file tax returns as proof of Zander's mens rea on the fraud counts — *i.e.*, that Zander did not file tax returns in order to avoid having to either report the embezzled funds as income or to commit tax fraud by not including the embezzled funds as income on his returns.[5] Additionally, the government will offer evidence and testimony concerning the embezzled funds

---

[2] *United States v. Bailey*, 952 F.2d 363, 365 (10th Cir. 1991); *United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008).

[3] *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979) (internal citations omitted).

[4] *See Bailey*, 952 F.2d at 365 (upholding joinder of fraud and tax counts arising from the same transactions).

[5] United States' Response and Objection to Defendant's Motion to Sever Counts at 6-7, docket no. 79, filed on Oct. 17, 2012.

to prove that Zander did indeed have reportable income that necessitated filing tax returns.[6]  A severance would thus result in the duplication of witnesses and evidence in two trials of the same defendant concerning the same conduct.  This certain waste of judicial resources outweighs Zander's unsubstantiated claim that a single trial would more likely result in a guilty verdict on both the fraud counts and the tax counts.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Defendant Zander's Motion to Sever Counts (docket no. 72) is DENIED.

Dated November 2, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[6] *Id.*