IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. JEFFREY CHARLES ZANDER, Defendant. | **MEMORANDUM DECISION AND ORDER DENYING ZANDER'S [222] MOTION TO RECUSE OR DISQUALIFY**<br><br>Case No. 2:10-cr-1088 DN<br><br>District Judge David Nuffer |
|---|---|

Defendant Jeffrey Charles Zander ("Zander") filed his post-trial Motion to Recuse or Disqualify District Judge David Nuffer (the "Motion").[1] Zander's Motion was fully briefed.[2] After carefully considering the parties' briefs and the controlling law, Zander's Motion is DENIED.

**Background**

The thrust of Zander's Motion is his contention that Judge Nuffer demonstrated bias and prejudice against Zander during sentencing. The alleged bias arises out of two negative comments about Zander: that he was "out of touch with reality" and that he had previously avoided the consequences of the law. Zander argues that Judge Nuffer demonstrated prejudice against Zander in accepting allegedly inaccurate loss amounts and in shifting the burden of proof to Zander regarding these loss amounts during sentencing. Zander's arguments lack merit.

---

[1] Docket no. 222, filed February 10, 2014.

[2] Response to Defendant's Motion to Recuse or Disqualify [222], docket no. 229, filed March 24, 2014; Zander's Reply to Response to Defendant's Motion to Recuse or Disqualify, docket no. 13 in Case No. 2:14-cv-39, filed April 2, 2014.

**Discussion**

Zander does not specify which section of the United States Code he is relying on in his Motion. Because no affidavit was filed with his Motion, it will be evaluated under 28 U.S.C. § 455.

Whether to recuse is a decision within the sound discretion of the trial court.[3] When faced with claims of bias and prejudice, the "test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[4] But doubts about the judge's impartiality do not arise simply because the judge makes comments about a defendant. "It is the court's prerogative, if not its duty, to assess the defendant's character and crimes at sentencing, after the defendant's guilt has been decided."[5] Verbalizing the assessment is insufficient to warrant recusal unless a judge's remarks show that he is incapable of being impartial. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[6]

In this case, the comments made during sentencing would not cause a reasonable person to doubt Judge Nuffer's impartiality. And the comments certainly do not display deep-seated

---

[3] *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987).

[4] *Id*. at 939.

[5] *United States v. Pearson*, 203 F.3d 1243, 1278 (10th Cir. 2000).

[6] *Id*. at 1277 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

antagonism that would make fair judgment *impossible*. Indeed, they were rooted in the evidence presented at trial and related to Zander's past crimes and misdeeds. There is no evidence of bias that would necessitate recusal or disqualification.

Zander has also failed to show that Judge Nuffer's purported prejudice demands recusal or disqualification. All of the evidence at trial was considered in evaluating the amount of loss suffered by the tribe and in determining an appropriate sentence. Failure to adopt Zander's interpretation of the losses and a purported failure to spend adequate time reviewing additional materials supplied by Zander at the sentencing hearing is insufficient to show prejudice warranting recusal or disqualification.

## Order

IT IS HEREBY ORDERED that Zander's Motion to Recuse or Disqualify is DENIED.

Signed May 19, 2014.

BY THE COURT:

David Nuffer
United States District Judge