IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>JEFFREY CHARLES ZANDER,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING ZANDER'S [244] MOTION FOR RELEASE FROM CUSTODY**<br><br>Case No. 2:10-cr-1088-DN<br><br>District Judge David Nuffer |

Defendant Jeffrey Charles Zander moves for an order of release from custody ("Motion")[1] pursuant to 18 U.S.C. § 3143(a). Mr. Zander contends that release is appropriate because "[t]he sentence and order of restitution in this case have been reversed by the Tenth Circuit Court of Appeals."[2] The United States opposes Mr. Zander's Motion because federal law disfavors release of convicted prisoners already serving their sentences and because the matters to be adjusted at resentencing are minor.[3] After carefully considering the parties' memoranda and the relevant law, Zander's Motion is DENIED.

## DISCUSSION

Mr. Zander appealed his convictions, length of sentence and the amount of restitution to the Tenth Circuit Court of Appeals.[4] The Tenth Circuit affirmed Mr. Zander's convictions, but reversed and remanded his sentence and order of restitution for further consideration. Mr. Zander had argued that "the district court erred in applying the 12-level sentencing enhancement

---

[1] Motion from Release From Custody, docket no. 244, filed September 8, 2015.

[2] *Id.* at 2.

[3] United States' Response and Objection to Defendant Jeffrey Charles Zander's Pro Se Motion for Early Release from Incarceration, docket no. 245, filed September 15, 2015.

[4] *United States v. Zander*, 794 F.3d 1220 (10th Cir. 2015).

applicable to losses between $200,000.00 and $400,000.00, rather than the PSR's recommended 10-level enhancement for a loss between $120,000.00 and $200,000.00."[5] The higher figure amount was reached by the district court "by including . . . lost wages and travel costs, . . . attorneys fees, and . . . unemployment benefits, to reach a total loss figure of $202,543.92."[6] In response, "the government concede[d] at least some of these costs were improperly included in the loss calculation and the loss calculation should have fallen within the $120,000.00-$200,000.00 range, resulting in a lower offense level and corresponding advisory guideline range."[7] "Based upon the government's concession," the Court of Appeals "reverse[d] and remand[ed] for sentencing in accordance with this corrected loss calculation."[8] Also, the Court of Appeals remanded the order of restitution because it found that the district court failed to consider whether certain claimed losses were directly and proximately caused by Mr. Zander's crimes of conviction.[9]

Mr. Zander argues that because the Tenth Circuit reversed his sentence and order of restitution, the sentence imposed upon him on November 20, 2013 is void, and his "commitment . . . to the custody of the U.S. Bureau of Prisons is 'without any validity, force or effect.'"[10] Mr. Zander further contends that "[o]n remand, this Court must 'begin anew' and conduct a 'fully de novo resentencing.'"[11] Mr. Zander concludes that he meets the requirements for release under 18

---

[5] *Id.* at 1232.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 1234.

[10] Motion at 2.

[11] *Id.* at 3 (*United States v. Smith*, 930 F.2d 1450, 1456 (10th Cir. 1991)).

U.S.C. § 3143(a), because "there currently is no sentence in this case and no period of incarceration."[12] 18 U.S.C. § 3143(a) provides:

> (a) Release or detention pending sentence.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense *and who is awaiting imposition or execution of sentence*, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and *is awaiting imposition or execution of sentence* be detained unless--
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.[13]

"When a defendant's sentence is vacated on appeal and remanded for resentencing the district court generally must 'begin anew with de novo proceedings.'"[14] "In contrast, if a remand is narrowly confined to correcting a specific error then de novo sentencing is not appropriate."[15] Here, the Tenth Circuit mandate specifically requires this court to resentence Mr. Zander within the $120,000.00-$200,000.00 loss calculation guideline range. Therefore, de novo resentencing is inappropriate.

---

[12] Reply to the Response and Objection to Defendant's Pro Se Motion at 1, docket no. 246, filed October 1, 2015.

[13] 18 U.S.C. § 3143(a) (emphasis added).

[14] *United States v. Leon*, 111 F.3d 140 (10th Cir. 1997) (*United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir.1996)).

[15] *Id.*

Mr. Zander's argument that "there currently is no sentence in this case" and thus he meets the requirements of 18 U.S.C. § 3143(a) is incorrect. The Tenth Circuit's mandate is to resentence Mr. Zander to the PSR's recommended 10-level enhancement for a loss between $120,000.00 and $200,000.00. The 10-level enhancement calculates to a "total offense level of 24 and the guideline range of 51 to 63 months of imprisonment."[16] Thus, instead of the 68 months imprisonment original imposed, Mr. Zander will need to be resentenced within the 51 to 63 months of imprisonment range. Mr. Zander has served less than 24 months of his sentence.[17] Even assuming that upon resentencing Mr. Zander is sentenced to 51 months of imprisonment, there would still remain another 27 months of confinement. Accordingly, because the Tenth Circuit remand is for the purpose of reconsideration of a valid sentence already imposed and not for the purpose of imposing a sentence de novo, 18 U.S.C. § 3143(a) does not apply.

## CONCLUSION

It is hereby ORDERED that that Mr. Zander's Motion[18] is DENIED. Within fourteen (14) days after Mr. Zander is appointed counsel, counsel shall meet and confer and file a proposed schedule for (a) briefing regarding restitution; (b) a restitution hearing; and (c) resentencing after probation prepares a revised presentence report.

Dated November 2, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[16] *Zander*, 794 F.3d at 1225.

[17] *See* docket no. 203, filed November 20, 2013.

[18] Docket no. 244.