IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>JEFFREY CHARLES ZANDER,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR ORDERS TO SHOW CAUSE**<br><br>Case No. 2:10-cr-1088-DN<br><br>District Judge David Nuffer |

Defendant Jeffrey Zander has filed several motions pursuant to 18 U.S.C. § 401 for Orders to Show Cause against two Government witnesses and several United States Attorneys. Each motion is discussed in turn below.

## PROCEDURAL BACKGROUND

On March 5, 2013, after a jury trial, Mr. Zander was convicted of mail fraud, wire fraud, money laundering and willful failure to file federal tax returns.[1] On November 20, 2013, Mr. Zander was sentenced to sixty-eight months of imprisonment and ordered to pay $202,543.92 in restitution to the Paiute Indian Tribe of Utah, the main victim of his fraud.[2] On December 4, 2013, Mr. Zander filed his notice of appeal to the Tenth Circuit Court. Mr. Zander appealed his convictions, length of sentence and the amount of restitution.[3] On July 24, 2015, the Tenth Circuit affirmed Mr. Zander's convictions, but reversed and remanded his sentence and order of restitution for further consideration. Following the Tenth Circuit's decision, Mr. Zander filed a motion for an order of release from custody.[4] Mr. Zander's motion for release was denied

---

[1] Jury Verdict, docket no. 141, filed March 5, 2013.

[2] Minute Entry, docket no. 203.

[3] *United States v. Zander*, 794 F.3d 1220 (10th Cir. 2015).

[4] Motion from Release From Custody, docket no. 244, filed September 8, 2015.

on November 2, 2015.[5] Since the denial of his motion for release, Mr. Zander filed four motions for orders to show cause against various individuals.

## CONTEMPT PURSUANT TO 18 U.S.C. § 401

The Supreme Court has held that "[w]hile a court has the authority to initiate a prosecution for criminal contempt, its exercise of that authority must be restrained by the principle that only the least possible power adequate to the end proposed should be used in contempt cases."[6] 18 U.S.C. § 401 defines and limits the court's power to impose punishment for contempt of its authority. The section reads:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as --
>
> 1. Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> 2. Misbehavior of any of its officers in their official transactions;
>
> 3. Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.[7]

Federal courts are in general agreement that "four elements are required to support a contempt conviction under § 401(1): (1) There must be conduct which constitutes 'misbehavior'; (2) the misbehavior must amount to an 'obstruction of the administration of justice'; (3) the conduct must occur in the court's presence; (4) there must be some form of intent to obstruct."[8] A conviction under § 401 requires proof beyond a reasonable doubt.[9]

---

[5] Memorandum Decision and Order Denying Zander's [244] Motion for Release From Custody, docket no. 249, filed November 2, 2015.

[6] *Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 801 (1987).

[7] 18 U.S.C. § 401.

[8] *See Vaughn v. City of Flint*, 752 F.2d 1160, 1167 (6th Cir. 1985) (quoting United States v. Seale, 461 F.2d 345, 366-67 (7th Cir. 1972)).

[9] Vaughn, 752 F.2d at 1168.

on November 2, 2015.[5] Since the denial of his motion for release, Mr. Zander filed four motions for orders to show cause against various individuals.

## CONTEMPT PURSUANT TO 18 U.S.C. § 401

The Supreme Court has held that "[w]hile a court has the authority to initiate a prosecution for criminal contempt, its exercise of that authority must be restrained by the principle that only the least possible power adequate to the end proposed should be used in contempt cases."[6] 18 U.S.C. § 401 defines and limits the court's power to impose punishment for contempt of its authority. The section reads:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as --
>
> 1. Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> 2. Misbehavior of any of its officers in their official transactions;
>
> 3. Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.[7]

Federal courts are in general agreement that "four elements are required to support a contempt conviction under § 401(1): (1) There must be conduct which constitutes 'misbehavior'; (2) the misbehavior must amount to an 'obstruction of the administration of justice'; (3) the conduct must occur in the court's presence; (4) there must be some form of intent to obstruct."[8] A conviction under § 401 requires proof beyond a reasonable doubt.[9]

---

[5] Memorandum Decision and Order Denying Zander's [244] Motion for Release From Custody, docket no. 249, filed November 2, 2015.

[6] *Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 801 (1987).

[7] 18 U.S.C. § 401.

[8] *See Vaughn v. City of Flint*, 752 F.2d 1160, 1167 (6th Cir. 1985) (quoting United States v. Seale, 461 F.2d 345, 366-67 (7th Cir. 1972)).

[9] Vaughn, 752 F.2d at 1168.

## MOTION FOR GAYLE ROLLO TO SHOW CAUSE IS DENIED

Mr. Zander contends that Gayle Rollo—a Government witness that testified during at the sentencing hearing—should be held in contempt for making a false statement during sentencing.[10] Specifically, Mr. Zander argues that the following statement made by Ms. Rollo is false: "What happened is that $176,698 is the total we paid to Mr. Zander to do the work, the integrative resource management plan."[11] Mr. Zander contends that the correct total of integrative resource management plan ("IRMP") grant funded checks listed on Government Exhibit 24-2 is $125,000.[12] The remaining $51,698 was not IRMP grant funded according to Mr. Zander.[13] Mr. Zander states that Ms. Rollo's false testimony was an obstruction of the administration of justice and a denial of Mr. Zander's constitutional right to due process.[14] The Government responds that the first part of the sentence—"What happened is that $176,698 is the total we paid to Mr. Zander to do the work"—is accurate.[15] The Government states that the phrase that follows "the integrative resource management plan" is indefinite and could have several meanings.[16]

After reviewing the witness's testimony and the colloquy exchanged between the court and Ms. Rollo during sentencing, it does not appear that Ms. Rollo's statement was intended to obstruct the administration of justice nor did it actually obstruct the administration of justice. Prior to Mr. Zander's sentencing, a presentence report ("PSR") was prepared which detailed its

---

[10] Motion for Order to Show Cause ("Motion against Ms. Rollo"), docket no. 250, filed November 20, 2015.

[11] Sentencing Transcript at 34, docket no. 232.

[12] Motion against Rollo at 3.

[13] *Id.*

[14] *Id.* at 5.

[15] United States' Objection to Defendant Jeffrey Charles Zander's Motion for Order to Show Cause Regarding Contempt at 3, docket no. 253, filed December 3, 2015.

[16] *Id.*

calculation of the $176,698 that Mr. Zander received as a result of his fraud and further explained its recommended total offense level and guideline range of imprisonment. Mr. Zander objected to the PSR's loss calculation of $176,698 on October 29, 2013.[17] During the sentencing hearing, the Court reviewed Mr. Zander's position with regard to the sentencing factors and discussed Mr. Zander's objection to the $176,698 figure.[18] Ultimately, this court's finding that Mr. Zander received $176,698 as a result of his fraud was based on the material in the financial impact statement worksheet submitted by the Piute Tribe and not by Ms. Rollo's testimony.[19]

## MOTION FOR SCOTT B. ROMNEY TO SHOW CAUSE IS DENIED

Mr. Zander contends that Mr. Romney falsely stated "that the parties . . . had an agreed upon specific loss amount of $176,698 when in fact there is no such agreement."[20] Mr. Zander argues that Government's Exhibit 24-2, which outlines the loss amount, "contains no language expressing an agreement of 'specific loss amount' as stated by Mr. Romney."[21] During the sentencing hearing, Mr. Zander informed the court that he stipulated to the foundation of Government's Exhibit 24-2, but not the amount.[22] Mr. Romney's statements of an agreed amount did not obstruct the administration of justice, because as explained in the preceding section, the court's finding that Mr. Zander received $176,698 as a result of his fraud was based on the material in the financial impact statement worksheet submitted by the Piute Tribe and not by Mr. Romney's statement.

---

[17] Position of Party with Respect to Sentencing Factors, docket no. 191, filed October 29, 2013.

[18] Sentencing Proceeding Transcript at 5-6, docket no. 232, filed April 29, 2014.

[19] *Id.* at 59:3-6.

[20] Motion for Order to Show Cause ("Motion against Mr. Romney"), docket no. 251, filed November 30, 2015.

[21] *Id.* at 2.

[22] Sentencing Proceeding Transcript at 5:21-25.

## MOTION FOR DOLORES FURNISS TO SHOW CAUSE IS DENIED

Mr. Zander argues that Ms. Furniss should be held in contempt for falsely testifying that Mr. Zander has never filed an income tax return in the State of Utah.[23] Ms. Furniss is employed with the Utah State Tax Commission and was asked in this case to investigate Mr. Zander's tax records. Ms. Furniss was asked during trial: "And what did you find in your search of tax records for Mr. Zander?"[24] In response, she stated: "I found that he had never filed an income tax return in the state of Utah."[25] Mr. Zander did not cross-examine Ms. Furniss.[26] Mr. Zander now states, in a footnote, that there was no cross-examination because it was "surprise evidence."[27]

Ms. Furniss's testimony does not meet the essential elements of criminal contempt under § 401(1). Ms. Furniss's testimony is not absolute as Mr. Zander contends. Instead, she qualified her testimony that *based on her search* she did not find any income tax returns filed by Mr. Zander. Such a statement does not constitute misbehaver so as to obstruct the administration of justice. Moreover, it is difficult to understand how such testimony is "surprise evidence" to Mr. Zander when it is based on his own actions or inactions.

## MOTION FOR ORDER TO SHOW CAUSE AGAINST UNITED STATES ATTORNEYS IS DENIED

Mr. Zander moves[28] for an order requiring three United States attorneys—David. B. Barlow, Scott J. Thorley and Scott B. Romney—to show cause why they should not be held in

---

[23] Motion for Order to Show Cause ("Motion against Ms. Furniss"), docket no. 257, filed December 28, 2015.

[24] Jury Trial Transcript, Volume IV at 606, docket no. 151, filed May 3, 2013.

[25] *Id.*

[26] *Id.*

[27] Motion against Ms. Furniss at 2.

[28] Motion for Order to Show Cause ("Motion against US Attorneys"), docket no. 254, filed December 4, 2015.

contempt for: (1) violating a court order[29] requiring disclosure of 404(b) evidence, and (2) including false statements of material fact in two of their briefs.

## The Government Did Not Violate a Court Order

According to Mr. Zander, the Government violated a court order by failing to provide him with reasonable notice of two of its witnesses—Dolores Furniss and Gayle Rollo—who provided 404(b) testimony.[30] In response, the Government incorporates its previous response to the same argument made by Mr. Zander in Case No. 2:14-cv-000390-DN.[31] In its previous response, the Government argued that the testimony of the two witnesses is not evidence that requires notice under 404(b) and furthermore, the Government provided reasonable notice of the two witnesses and their potential testimony.[32] Mr. Zander replied to the Government's previous response, arguing that the Government violated the Court's order by not including Ms. Furniss and Ms. Rollo in its January 29, 2013 Notice of Intent.[33]

On October 26, 2012, Magistrate Judge Furse granted[34] Mr. Zander's unopposed Motion to Disclose 404(b) Evidence.[35] On January 29, 2013, the Government filed a Notice of Intent to Use Potential Rule 609 and 404(b) Evidence ("Notice").[36] The Government stated in its Notice that it "provides the following notice of potential Rule 404(b) and 609 evidence presently possessed by the government, with the caveat that reasonable notice of additional evidence will

---

[29] Order Granting Motion to Disclose 404(b) Evidence, docket no. 81, filed October 26, 2012.

[30] 254 at 2.

[31] Response to Docket No. [9] Defendant's Motion to Disqualify and Remove, docket no. 16, filed May 16, 2014.

[32] *Id.*

[33] Reply to Response to Docket No. 9 Petitioner's Motion to Disqualify and Remove at 2, Case No. 2:14cv-00039-DN, docket no. 17, filed June 2, 2014.

[34] Order Granting Motion to Disclose 404(b) Evidence, docket no. 81, filed October 26, 2012.

[35] Motion to Disclose 404(b) Evidence, docket no. 71, filed August 28, 2012.

[36] Government's Notice of Intent to Use Potential Rule 609 and 404(b) Evidence ("Notice"), docket no. 90, filed January 29, 2013.

be provided in the future as detailed above."[37] Ms. Furniss and Ms. Rollo were not mentioned in the Notice.

Without reaching the issue of whether the two witnesses provided 404(b) testimony, Ms. Zander was given reasonable notice of the two witnesses. The Government submitted a trial brief on February 12, 2013, almost two weeks before the start of trial.[38] The trial brief stated the Government's intention of calling Ms. Rollo and Ms. Furniss as witnesses and also provided the general nature of the evidence that the Government intended to introduce through these witnesses.[39] The rule does not require the Government to include in its notice the specific purpose for which the evidence is intended to be introduced at trial. Moreover, although Judge Furse's Order required the Government to give Notice at least 21 days before trial, providing notice two weeks before trial is not the type of willful misbehavior or disobedience that requires punishment through criminal contempt proceedings. A two week notice was a sufficient length of time for Mr. Zander to become aware of and contest the Government's 404(b) evidence. Accordingly, the Government's notice of the two witnesses was reasonable.

### The Government's Alleged False Statements Do Not Rise to the Level of Criminal Contempt

Mr. Zander contends that the Government made false statements of material fact in its Notice of Intent to Use Potential 609 and 404(b) Evidence[40] and in its Supplemental Response to Defendant's Rule 29 Motion.[41] Mr. Zander states that the Government lied when it stated it did not intend to introduce 404(b) evidence as part of its case-in-chief, because the testimony of Ms.

---

[37] *Id.* at 3-4.

[38] Trial Brief, docket no. 107, filed February 12, 2013.

[39] *Id.* 7, 10.

[40] Docket no. 90, filed January 29, 2013.

[41] Supplemental Response to Defendant's Rule 29 Motion, docket no. 175, filed September 3, 2013.

Rollo and Ms. Furniss were introduced during the Government's case-in-chief.[42] As for the Government's post-trial Rule 29 motion response, Mr. Zander argues that the Government falsely stated during sentencing that Kellie Youngbear testified that he faxed grant applications and packets to BIA personnel.[43] Mr. Zander contends that "Ms. Youngbear testified only regarding a fax of 638 drawdown request containing documents prepared by Ms. Gayle Rollo and BIA personnel—not the defendant."[44]

Mr. Zander asserts that the above alleged false statements obstructed the administration of justice under § 401(1) and are misbehaviors by court officers under § 401(2).[45] Neither alleged false statement rises to the level of criminal contempt. In the former statement, the Government stated that it did not *intend* to use 404(b) evidence in its case-in-chief, this does not necessarily mean that its intentions could not change. And in the latter statement made by the Government during Mr. Zander's sentencing hearing there is no indication that the statement—even assuming it was false—was made with any willful intent. Furthermore, Mr. Zander fails to explain how either statement was material to the administration of justice.

## ORDER

It is HEREBY ORDERD that Mr. Zander's Motions[46] for Orders to Show Cause are DENIED.

Dated May 3, 2016.

BY THE COURT:

*[signature: David Nuffer]*

---

[42] Motion against US Attorneys at 5.

[43] *Id.*

[44] *Id.*

[45] *Id.* at 6.

[46] Motion for Order to Show Cause ("Motion against Ms. Rollo"), docket no. 250, filed November 20, 2015; Motion for Order to Show Cause ("Motion against Ms. Rollo"), docket no. 250, filed November 20, 2015; Motion for Order to Show Cause ("Motion against Mr. Romney"), docket no. 251, filed November 30, 2015; Motion for Order to Show Cause ("Motion against US Attorneys"), docket no. 254, filed December 4, 2015.

                          _____
David Nuffer
United States District Judge