IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>JEFFREY CHARLES ZANDER,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER DENYING<br>MOTION FOR DISQUALIFICATION<br><br><br>Case No. 2:10-cr-1088-DN<br><br>District Judge David Nuffer |

Defendant Jeffrey Zander has filed a motion[1] to disqualify me from this case pursuant to 28 U.S.C. § 455(a) because of an alleged appearance of partiality. As discussed below, there is no basis to disqualify.

## PROCEDURAL BACKGROUND

On March 5, 2013, after a jury trial, Mr. Zander was convicted of mail fraud, wire fraud, money laundering and willful failure to file federal tax returns.[2] On November 20, 2013, Mr. Zander was sentenced to sixty-eight months of imprisonment and ordered to pay $202,543.92 in restitution to the Paiute Indian Tribe of Utah, the main victim of his fraud.[3] On December 4, 2013, Mr. Zander filed his notice of appeal to the Tenth Circuit Court. Mr. Zander appealed his convictions, length of sentence and the amount of restitution.[4] On July 24, 2015, the Tenth Circuit affirmed Mr. Zander's convictions, but reversed and remanded his sentence and order of restitution for further consideration. Following the Tenth Circuit's decision, Mr. Zander

---

[1] Motion for Disqualification, docket no. 262, filed April 15, 2016.

[2] Jury Verdict, docket no. 141, filed March 5, 2013.

[3] Minute Entry, docket no. 203.

[4] *United States v. Zander*, 794 F.3d 1220 (10th Cir. 2015).

filed a motion for an order of release from custody.[5] Mr. Zander's motion for release was denied on November 2, 2015.[6] In the Memorandum Decision and Order denying Mr. Zander's motion for release, this court ordered that within "fourteen (14) days after Mr. Zander is appointed counsel, counsel shall meet and confer and file a proposed schedule for (a) briefing regarding restitution; (b) a restitution hearing; and (c) resentencing after probation prepares a revised presentence report."[7] The same day that this Court denied Mr. Zander's motion for release, an attorney was appointed as Mr. Zander's counsel.[8] Since the denial of his motion for release, Mr. Zander filed four motions for orders to show cause against various individuals.[9]

## LEGAL STANDARD FOR DISQUALIFICATION UNDER 28 U.S.C. § 445

A judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."[10] However, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[11] The objective standard is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[12]

---

[5] Motion from Release From Custody, docket no. 244, filed September 8, 2015.

[6] Memorandum Decision and Order Denying Zander's [244] Motion for Release From Custody, docket no. 249, filed November 2, 2015.

[7] *Id.* at 4.

[8] Docket no. 248 (sealed).

[9] Motion for Order to Show Cause ("Motion against Ms. Rollo"), docket no. 250, filed November 20, 2015; Motion for Order to Show Cause ("Motion against Ms. Rollo"), docket no. 250, filed November 20, 2015; Motion for Order to Show Cause ("Motion against Mr. Romney"), docket no. 251, filed November 30, 2015; Motion for Order to Show Cause ("Motion against US Attorneys"), docket no. 254, filed December 4, 2015.

[10] 28 U.S.C. § 455(a).

[11] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

[12] U.*S. v. Cooley,* 1 F.3d 985, 993 (10th Cir.1993) (internal quotations and citations omitted).

**DISCUSSION**

Mr. Zander makes two arguments that allegedly show an appearance of partiality. First, he contends that there is an unjustified delay in his resentencing and rulings for his pending motions for orders to show cause. He states that "'[d]espite the uncomplicated nature of the resentencing in this case, nothing has been done to move that resentencing forward. There is no revised Presentencing Report. There is no scheduled hearing. The status of resentencing is exactly where it was when the [Tenth Circuit] mandate was issued on August 17, 2015."[13] Similarly, he argues that the pending motions for orders to show cause have been fully briefed for several months.[14] Mr. Zander also contends that I am partial because of disparate treatment of his case. Specifically, he points out that I "accomplished the resentencing [in another case] within ten weeks of the Tenth Circuit mandate."[15] And that "[d]uring the more than eight months of inaction in the defendant's case, Judge Nuffer has ruled on motions in other cases."[16]

Mr. Zander offers no evidence that this Court is biased or partial against him. He merely infers bias from delays in rulings on pending motions and resentencing. A heavy docket of both civil and criminal cases, and a delay in issuing rulings, especially on nondispositive motions such as those currently pending, is insufficient to establish personal bias and prejudice. Mr. Zander is not entitled to a new judge simply because he dislikes the fact that rulings are not issued in the time or form he might prefer. Regarding the delay in resentencing, as mentioned above, the memorandum decision and order denying Mr. Zander's motion for release required counsel to meet and confer within fourteen days of Mr. Zander being appointed counsel. Although

---

[13] Motion for Disqualification at 4-5.

[14] *Id.* at 5.

[15] *Id.*

[16] *Id.*

Mr. Zander was appointed counsel on November 2, 2015, it appears no further action has taken place. This delay does not reflect any judicialbias and is insufficient to justify recusal.

## ORDER

IT IS HEREBY ORDERED that Defendant Jeffrey Zander's motion[17] to disqualify is DENIED.

IT IS FURTHER ORDERED that by May 13, 2016, counsel shall meet and confer and file a proposed schedule for (a) briefing regarding restitution; (b) a restitution hearing; and (c) resentencing after probation prepares a revised presentence report.

Dated May 3, 2016.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge

---

[17] Motion for Disqualification, docket no. 262, filed April 15, 2016.