IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>JEFFREY CHARLES ZANDER,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER STRICKING MR. ZANDER'S MOTION FOR DE NOVO SENTENCING**<br><br>Case No. 2:10-cr-1088-DN<br><br>District Judge David Nuffer |

Mr. Zander has filed a pro se Motion for De Novo Sentencing.[1] However, he is currently represented by counsel. For this reason, the Government contends that Mr. Zander's pro se motion should be stricken until either "it is filed by Mr. Zander's counsel or after the Court has gone through the steps required by *Faretta* to position Mr. Zander to represent himself without negative consequences."[2]

Although Mr. Zander has the right to represent himself, he does not have the right to hybrid representation.[3] Mr. Zander has filed a motion[4] for self-representation, which is currently pending and will be resolved after a *Faretta*[5] hearing is conducted on June 20, 2016. Accordingly, Mr. Zander's Motion for De Novo Sentencing is stricken.

Even if the merits of Mr. Zander's Motion for De Novo Sentencing were reached, his motion would be denied. Mr. Zander raises two arguments in support of his Motion for De Novo

---

[1] Docket no. 270, filed May 31, 2016.

[2] Government's Response and Motion to Strike Defendant's Pro Se Motion for De Novo Sentencing (DCKT. 275), docket no. 275, filed June 7, 2016.

[3] *Church v. Sullivan,* 942 F.2d 1501, 1514 (10th Cir.1991).

[4] Motion to Exercise Right Self-Representation, docket no. 269, filed May 26, 2016.

[5] F*aretta v. California,* 422 U.S. 806, 834 (1975).

Sentencing. Neither argument supports his requested relief. First, he contends that "there is currently no amount of loss determination on which to calculate a sentencing increase under U.S.S.G. § 281.1(b). Imposing a new sentence without a loss determination is an incorrect application of the Sentencing Guidelines."[6] Mr. Zander raised a similar argument in a previous Motion for Release from Custody.[7] There he argued that "[o]n remand, this Court must 'begin anew' and conduct a 'fully de novo resentencing[,]'"[8] because "'there currently is no sentence in this case and no period of incarceration."[9] Mr. Zander's Motion for Release from Custody was denied because the Tenth Circuit's remand mandate is narrowly confined to correcting a specific error.[10] The Tenth Circuit held that it was error to include—apart from the $176,698.00 that Defendant directly took from the victim—lost wages and travel costs, attorneys fees, and unemployment benefits as part of the restitution order without "consider[ing] whether the government had presented evidence that th[ese] loss[es] w[ere] directly and proximately caused by the crime of conviction."[11] Thus, currently there is a loss determination of at least $176,698.00, and it will be determined at the resentencing hearing on June 20, 2016 whether the remaining additional losses were directly and proximately caused by the crime of conviction.

Mr. Zander also argues that "the Sentencing Guidelines, and the caselaw in the Tenth Circuit, require application of the 2016 Sentencing Guidelines to the resentencing in this case."[12]

---

[6] Motion for De Novo Sentencing at 2.

[7] Motion from Release From Custody, docket no. 244, filed September 8, 2015.

[8] *Id.* at 3 (United States v. Smith, 930 F.2d 1450, 1456 (10th Cir. 1991)).

[9] Reply to the Response and Objection to Defendant's Pro Se Motion at 1, docket no. 246, filed October 1, 2015.

[10] Memorandum Decision and Order Denying Zander's [244] Motion for Release from Custody at 3, docket no. 249, filed November 2, 2015.

[11] *United States v. Zander*, 794 F.3d 1220, 1234 (10th Cir. 2015).

[12] Motion for De Novo Sentencing at 2.

In support, Mr. Zander cites to *U.S. v. Ziegler*.[13] This case, however, does not support Mr. Zander's contention. The Court in *Ziegler* noted that the sentencing court should apply the guidelines in effect at the time of initial sentencing if "the district court is being asked 'merely to clarify the record of the initial sentencing proceeding.'"[14] As noted above, the Tenth Circuit's remand mandate was narrowly confined to correcting a specific error. The Tenth Circuit held that it was error to include—apart from the $176,698.00 that Defendant directly took from the victim—lost wages and travel costs, attorneys fees, and unemployment benefits as part of the restitution order without "consider[ing] whether the government had presented evidence that th[ese] loss[es] w[ere] directly and proximately caused by the crime of conviction."[15] The Tenth Circuit stated that "[t]his error requires us to remand for reconsideration of the restitution award under the correct legal standard."[16] Thus, the Tenth Circuit remand is confined to determining whether the remaining additional losses were directly and proximately caused by the crime of conviction.

IT IS HEREBY ORDERED that Mr. Zander's Motion[17] for De Novo Sentencing is Stricken.

Dated June 9, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[13] 39 F.3d 1058 (10th Circuit, 1994), overruled on other grounds *US v. Whitaker*, 152 F.3d 1238 (10th Cir. 1998). .

[14] *Id.* at 1064 (quoting *United States v. Ekhator*, 853 F.Supp. 630, 633-34 (E.D.N.Y. 1994)).

[15] *Zander*, 794 F.3d at 1234.

[16] *Id.*

[17] Docket no. 270.